IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   ETHICON, INC.
         PELVIC REPAIR SYSTEMS
         PRODUCT LIABILITY LITIGATION                    MDL No. 2327

---

THIS DOCUMENT RELATES TO:

*April Berry, et al. v. Ethicon, Inc., et al.*          Civil Action No. 2:12-cv-03074

MEMORANDUM OPINION AND ORDER
(*Daubert* Motion re: Konstantin Walmsley, M.D.)

Pending before the court is the Motion to Exclude Specific-Causation Testimony of Konstantin Walmsley, M.D. [ECF No. 38] and the Amended Motion to Exclude Specific-Causation Testimony of Konstantin Walmsley [ECF No. 40] filed by the defendants. The Motions are now ripe for consideration because briefing is complete.

I.   Background

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 60,000 cases currently pending, approximately 28,000 of which are in this MDL, which involves defendants Johnson & Johnson and Ethicon, Inc. (collectively "Ethicon"), among others.

In this MDL, the court's tasks include "resolv[ing] pretrial issues in a timely

and expeditious manner" and "resolv[ing] important evidentiary disputes." Barbara J. Rothstein & Catherine R. Borden, Fed. Judicial Ctr., *Managing Multidistrict Litigation in Products Liability Cases* 3 (2011). To handle motions to exclude or to limit expert testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the court developed a specific procedure. In Pretrial Order ("PTO") No. 210, the court instructed the parties to file general causation *Daubert* motions in the main MDL and specific causation *Daubert* motions, responses, and replies in the individual member cases. To the extent that an expert is both a general and specific causation expert, the parties were advised that that they could file a general causation motion in the main MDL 2327 and a specific causation motion in an individual member case. PTO No. 210, at 4.

## II. Legal Standard

By now, the parties should be intimately familiar with Rule 702 of the Federal Rules of Evidence and *Daubert*, so the court will not linger for long on these standards.

Expert testimony is admissible if the expert is qualified and if his or her expert testimony is reliable and relevant. Fed. R. Evid. 702; *see also Daubert*, 509 U.S. at 597. An expert may be qualified to offer expert testimony based on his or her "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Reliability may turn on the consideration of several factors:

> (1) whether a theory or technique can be or has been tested;
> (2) whether it has been subjected to peer review and publication; (3) whether a technique has a high known or potential rate of error and whether there are standards

> controlling its operation; and (4) whether the theory or technique enjoys general acceptance within a relevant scientific community.

*Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) (citing *Daubert*, 509 U.S. at 592–94). But these factors are neither necessary to nor determinative of reliability in all cases; the inquiry is flexible and puts "principles and methodology" above conclusions and outcomes. *Daubert*, 509 U.S. at 595; *see also Kumho Tire Co. v. Carmichael*, 525 U.S. 137, 141, 150 (1999). Finally, and simply, relevance turns on whether the expert testimony relates to any issues in the case. *See, e.g.*, *Daubert*, 509 U.S. at 591–92 (discussing relevance and helpfulness).

In the context of specific causation expert opinions, the Fourth Circuit has held that "a reliable differential diagnosis provides a valid foundation for an expert opinion." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 263 (4th Cir. 1999).

> A reliable differential diagnosis typically, though not invariably, is performed after 'physical examinations, the taking of medical histories, and the review of clinical tests, including laboratory tests,' and generally is accomplished by determining the possible causes for the patient's symptoms and then eliminating each of these potential causes until reaching one that cannot be ruled out or determining which of those that cannot be excluded is the most likely.

*Id.* at 262 (citations omitted). "A differential diagnosis that fails to take serious account of other potential causes may be so lacking that it cannot provide a reliable basis for an opinion on causation." *Id.* at 265. However, an expert's causation opinions will not be excluded "because he or she has failed to rule out every possible alternative cause of a plaintiff's illness." *Id.* "The alternative causes suggested by a defendant 'affect the weight that the jury should give the expert's testimony and not the

admissibility of that testimony,' unless the expert can offer '*no* explanation for why she has concluded [an alternative cause offered by the opposing party] was not the sole cause.'" *Id.* at 265 (citations omitted).

At bottom, the court has broad discretion to determine whether expert testimony should be admitted or excluded. *Cooper*, 259 F.3d at 200.

III. Discussion

First, Ethicon argues that I should exclude Dr. Walmsley's specific causation testimony because it is insufficiently grounded in general causation testimony. However, after reviewing the record, I determine that Dr. Walmsley's specific causation opinion is sufficiently grounded to move forward. To the extent Ethicon believes Dr. Walmsley's opinions are lacking, Ethicon may attack those opinions on cross-examination. Ethicon's Motion on this point is **DENIED**.

Next, Ethicon challenges Dr. Walmsley's opinions on manufacturing defects. However, that topic is the province of a general causation expert—not a specific causation expert. In PTO No. 210, I directed the parties to file general causation objections in the main MDL. I will not rule on general causation issues raised in a specific causation motion. Accordingly, Ethicon's Motion on this point is **DENIED**.

Ethicon also argues that Dr. Walmsley did not conduct a proper differential diagnosis. I disagree.

Dr. Walmsley is a board-certified urologist who has worked extensively with transvaginal mesh products. Resp. 5 [ECF No. 43]. Dr. Walmsley's expert report and deposition testimony show that he conducted a detailed review of Ms. Berry's medical

4

records. Dr. Walmsley considered numerous alternative causes for Ms. Berry's injuries and explained his reasons for ruling out those alternative causes.

As discussed above, an expert's causation opinions will not be excluded "because he or she has failed to rule out every possible alternative cause of a plaintiff's illness." *Westberry*, 178 F.3d. at 265. Ethicon's suggested other possible alternative causes affect the weight—not the admissibility—of an expert's testimony, unless the expert can provide *no* explanation for ruling out such alternative causes at trial. *See id.* at 265. To the extent that Ethicon believes that Dr. Walmsley failed to properly consider other alternative causes, Ethicon is free to address those issues on cross-examination. Ethicon's Motion on this point is **DENIED**.

Finally, the plaintiffs state that they do not intend to elicit certain challenged testimony. Ethicon's Motion on that point is **DENIED as moot**, and any remaining issues are **RESERVED for trial**.

### IV. Conclusion

The court **ORDERS** that the Amended Motion to Exclude Specific-Causation Testimony of Konstantin Walmsley [ECF No. 40] is **DENIED in part** and **RESERVED in part**. The court also **ORDERS** that the Motion to Exclude Specific-Causation Testimony of Konstantin Walmsley, M.D. [ECF No. 38] is **DENIED as moot**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 18, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE